```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
BRAD THOMAS                       :

     Plaintiff,                   :

vs.                               :   CIVIL ACTION 03-0576-WS-M

CALVERT WRIGHT, et al.,           :

     Defendants.                  :
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed this § 1983 action. This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute.

Plaintiff's last action taken in this matter was a request for a default judgment which he filed on April 30, 2004 (Doc. 9). When the Court reviewed its file on May 18, 2005 (Doc. 14), it appeared Plaintiff may no longer wish to proceed with the prosecution of this action due to the considerable length of time that had transpired since the Court last heard from Plaintiff and because he had not responded to Defendants' Special Report filed on August 3, 2004 (Doc. 16). Thereupon, Plaintiff was ordered to inform the Court by June 1, 2005, if he wished to proceed with the prosecution of this action (Doc. 17). Plaintiff's copy of the

Court's Order, however, has been returned to the Court.

Thereupon, the Court examined the Alabama Department of Corrections' website and determined Plaintiff was no longer in its custody, and reviewed the complaint (Doc. 1) and discovered Plaintiff's release date was February 5, 2005. Nonetheless, Plaintiff has not advised the Court of his new address since his release even though he was ordered that he must do so or suffer the dismissal of his action (Docs. 1 & 8).

Due to the facts that the last action taken by Plaintiff in this action was on April 30, 2004 (Doc. 9), and that Plaintiff did not advise the Court of his new address, the undersigned concludes Plaintiff has abandoned the prosecution of his action.  Upon consideration of the alternatives available to the Court and of the time and resources expended by Defendants in defending this action, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment,*

*Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993)(the court's inherent power to manage actions before it permitted the imposition of fines).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings

and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 9th day of June, 2005.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE